**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Raphyal CRAWFORD, aka Aarmyl Crawford, Defendant—
Appellant.**

**No. 05–50311.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 4, 2006.

Sherri Walker Hobson, AUSA, U.S. Attorney CV, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Steven A. Feldman, Esq., Uniondale, NY, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Raphyal Crawford appeals from his sentence for armed bank robbery, and use and carrying of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 2113(a) and (d), and 924(c)(1). "We review de novo the district court's interpretation of the Guidelines, and its factual determinations for clear error," *United States v. Thompson,* 109 F.3d 639, 640 (9th Cir.1997), and we affirm.

Crawford contends that the district court erred in imposing a sentencing enhancement for physical restraint, pursuant to U.S.S.G. § 2B3.1(b)(4)(B). In cases that do not involve "forcible restraint of the victim," this court applies a "sustained focus" standard to determine whether the physical restraint enhancement is applicable. *See United States v. Crawford,* 372 F.3d 1048, 1062 (9th Cir.2004) (en banc), citing *United States v. Parker,* 241 F.3d 1114, 1119 (9th Cir.2001).

Upon review, we conclude that Crawford's actions of putting his gun to the guard's back, and forcing the guard at gunpoint to turn around, put his hands up, and face a wall rises to the level of physical restraint warranting the imposition of the enhancement. *See Thompson,* 109 F.3d at 641 (holding that the defendant physically restrained his victim when he forced a manager to lie down and stand up repeatedly at gunpoint); *cf. Parker,* 241 F.3d at 1118 (sustained focus absent where defendant pointed a gun at a bank teller and yelled at her to get down).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

